**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

DERRICK D. JOYNER,
               Appellant,

      v.

DEPARTMENT OF DEFENSE,
               Agency.

DOCKET NUMBER
SF-0752-12-0176-C-2

DATE: January 27, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Bobbie Bowling, and Clifford H. Thomas, III, Stockton, California, for the
    appellant.

Christine J. Kim, Stockton, California, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The agency has filed a petition for review of a compliance initial decision, which granted in part the appellant's petition for enforcement. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  See Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

### *Joyner I*

¶2      Effective November 28, 2011, the agency removed the appellant from federal service.  MSPB Docket No. SF-0752-12-0176-I-1, Initial Appeal File (IAF), Tab 1 at 10-14.  The appellant filed a timely appeal on December 21, 2011. *Id*., Tab 1.  After a hearing was held on March 13, 2012, the administrative judge issued an initial decision on May 4, 2012, mitigating the appellant's removal to a 60-day suspension and ordering the agency to pay backpay within 60 days after the initial decision became final.  *Id.*, Tab 37, Initial Decision.  On April 17, 2013, the Board affirmed the initial decision.  MSPB Docket No. SF-0752-12-0176-I-1, Final Order (April 17, 2013).  At issue now is the agency's compliance with the Board's backpay order in *Joyner I*.

### *Joyner II*

¶3      Prior to the Board's final decision in *Joyner I*, the agency again removed the appellant from service, effective November 9, 2012.  MSPB Docket No. SF-0752-13-0075-I-1, IAF, Tab 1 at 13-18.  The appellant also appealed the

second removal action which the administrative judge, in an initial decision, mitigated to a 30-day suspension. MSPB Docket No. SF-0752-13-0075-I-1, Initial Decision (March 12, 2013). Subsequently, the Board vacated the initial decision and affirmed the agency's second removal decision. MSPB Docket No. SF-0752-13-0075-I-1, Final Order (May 20, 2014).

¶4    On June 20, 2013, the appellant filed a petition for enforcement asserting that the agency had failed to pay him backpay in accordance with the Board's April 17, 2013 final order in *Joyner I*.[2]    C-1, CAF, Tab 1. The parties did not dispute that the relevant backpay time period at issue was from January 27, 2012 (accounting for the appellant's 60-day suspension after his reinstatement), to November 9, 2012 (the effective date of the appellant's second removal).[3]    C-2, CAF, Tab 5 at 2.

¶5    During the course of the proceedings below, the agency submitted documentation which it contended demonstrated it had paid the appellant backpay in the gross amount of $15,008.50. C-1, CAF, Tab 6 at 3. The appellant objected to this backpay calculation asserting that it failed to account for his within grade increase (WIGI) and that the number of pay periods was miscalculated. C-1, CAF, Tab 24 at 2. The appellant also asserted that his leave accrual was incorrectly entered as 4, instead of 6, hours per pay period. *Id.* In response, the agency agreed with the appellant that he should have been paid at a WG-05, step 5 level instead of the WG-05, step 4 level after his WIGI, which became effective on April 8, 2012, and that his leave accrual was incorrectly entered as 4, instead of 6, hours per pay period. C-1, CAF, Tab 25 at 2, 4. The agency indicated that

___

[2] The appellant's June 20, 2013 petition for enforcement was dismissed without prejudice on February 24, 2014, to allow the agency to obtain payroll records. MSPB Docket No. SF-0752-12-0176-C-1 (C-1), Compliance Appeal File (CAF), Tab 26. The appellant's petition for enforcement was automatically refiled on April 15, 2014. MSPB Docket No. SF-0752-12-0176-C-2 (C-2), CAF, Tab 1.

[3] The appellant's June 20, 2013 petition for enforcement mistakenly references MSPB Docket No. SF-0752-13-0075-I-1, which did not become final until May 20, 2014. C-1, CAF, Tab 1 at 2.

it would submit a ticket to the Defense Finance and Accounting Service to correct these errors. *Id.* at 3. In subsequent submissions, the agency asserted that it had corrected the errors in the appellant's backpay and leave. C-2, CAF, Tabs 3, 5. The agency explained that the interim appointment effective March 12, 2013 (the date of the initial decision in *Joyner II*) was processed at the wrong step level and that it had paid the appellant the additional amount due for the period from March 2013 through February 2014. *Id.*, Tab 3. The agency also asserted that it corrected the appellant's leave accrual for the same period. *Id*.

¶6 On August 7, 2014, the administrative judge issued a compliance initial decision finding that the agency was in partial noncompliance. C-2, CAF, Tab 7, Compliance Initial Decision (CID). Specifically, the administrative judge found that the agency had failed to show that it had adjusted the appellant's backpay payment to reflect his WIGI from a WG-5, step 4 level to a WG-5, step 5 level, which, according to the agency, he was entitled to as of April 8, 2012. CID at 5-6. The administrative judge further found that the agency had failed to show that it had adjusted the appellant's leave accrual to 6 hours per pay period. CID at 6.

¶7 The agency has filed a petition for review in which it summarily asserts that the appellant has received all back pay due to him and that, based on the record below, it complied with the Board's order by retroactively correcting the appellant's backpay and leave. Petition for Review File, Tab 1. The appellant has not filed a response in opposition to the agency's petition.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶8 After a careful review of the record, we agree with the administrative judge that the agency has not submitted any records demonstrating that the appellant's backpay was corrected to reflect a WG-05, step 5 level or that his leave accrual was corrected to 6 hours per pay period for the relevant time period, from April 8, 2012, to November 9, 2012. CID at 5-6. The agency's evidence of compliance

submitted below appears to relate to the appellant's pay after his interim appointment effective March 12, 2013, in the context of *Joyner II*, not the agency's compliance with the Board's order in *Joyner I.* C-2, CAF, Tab 3. Nothing in the record demonstrates whether the agency corrected the appellant's backpay from April 8, 2012, to November 9, 2012, to account for his WIGI. Similarly, nothing in the record demonstrates whether the agency changed the appellant's leave accrual to 6 hours per pay period during that same period.

¶9      Because we agree with the administrative judge that the agency is not in full compliance with Board's April 17, 2013 order in *Joyner I*, we refer the matter to the Office of General Counsel for enforcement in accordance with 5 C.F.R. § 1201.183.

## ORDER

¶10      We ORDER the agency to submit to the Clerk of the Board within 20 days of the date of this Order satisfactory evidence of compliance with this decision. The agency's submission must include proof that it recalculated the appellant's backpay for the entire period from April 8, 2012 (the effective date of the appellant's WIGI to the step 5 level), through November 9, 2012 (the date of the appellant's removal). The agency's submission must include proof that it credited the appellant with annual leave at the rate of 6 hours per pay period for the period from November 28, 2011, through November 9, 2012. The agency must serve all parties with copies of its submission. If the agency has not fully complied, it must show cause why sanctions, pursuant to 5 U.S.C. § 1204(a)(2) and (e)(2)(A) and 5 C.F.R. § 1201.183, should not be imposed against Susan Earle, Chief A/Warehousing Group.

## NOTICE TO THE APPELLANT

You may respond to the agency's evidence of compliance within 15 days of the date of service of that evidence. If you do not respond, the Board will assume you are satisfied and will dismiss the petition for enforcement as moot.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____

William D. Spencer
Clerk of the Board

Washington, D.C.